**In re GOLDEN PLAN OF CALIFORNIA, INC., a California corporation, Debtor.**

**In re STATE LOAN SERVICING, INC., a California corporation, Debtor.**

**In re FINANCIAL SECURITIES AGENCY, INC., a California Corporation, Debtor.**

**In re MID–CENTRAL CALIFORNIA, INC., a California corporation, Debtor.**

**SPARTAN BROKERAGE GROUP, INC., a California corporation, Plaintiff,**

**v.**

**GOLDEN PLAN OF CALIFORNIA, INC., a California corporation, State Loan Servicing, Inc., a California corporation, Financial Securities Agency, Inc., a California corporation, Melvyn J. CoBen, Trustee, Defendants.**

**The MONEY MAN CORPORATION, a California corporation, Plaintiff,**

**v.**

**GOLDEN PLAN OF CALIFORNIA, INC., a California corporation, State Loan Servicing, Inc., a California corporation, Financial Securities Agency, Inc., a California corporation, Melvyn J. CoBen, Trustee, Defendants.**

**Bankruptcy Nos. 282–00571–D–11 to 282–00574–D–11.**
**Adv. Nos. 282–0952, 282–0953.**

United States Bankruptcy Court, E.D. California.

Nov. 30, 1982.

**184**

Robert Craig Iseley, Plefka & Iseley, Sacramento, Cal., for plaintiffs.

Cooper, Brifman & Cochrane, Martin B. Brifman, Sacramento, Cal., for defendants.

Melvyn J. CoBen, Sacramento, Cal., trustee.

## MEMORANDUM OPINION AND DECISION

LOREN S. DAHL, Bankruptcy Judge.

The above two adversary proceedings came on for hearing August 20, 1982, ROBERT CRAIG ISELEY, ESQ., of Plefka & Iseley appearing for plaintiffs, and MARTIN B. BRIFMAN, ESQ., of Cooper, Brifman & Cochrane appearing for defendants. The plaintiffs in each case were substituted as trustee on certain deeds of trust on or before April 25, 1982, and bring these proceedings in their capacity as said trustee. Defendants contend that the aforesaid plaintiffs lack standing to bring the actions, urging that the actions should be commenced by the real parties in interest; namely, the beneficiaries of said deeds of trust. The parties have filed memoranda of points and authorities and have submitted the matter for decision.

### ISSUE

Is the trustee under a deed of trust a party in interest as defined in Federal Rules of Civil Procedure, Rule 17(a), for the purposes of pursuing relief from the automatic stay.

### DISCUSSION

■ The trustee under a deed of trust is a party in interest in a proceeding seeking relief from the automatic stay. Such a trustee is an indenture trustee under the Code [11 U.S.C. 101(22) and (23)], and has recognized rights expressly detailed in Chapter 11 [11 U.S.C. §§ 1121, 1109]. California statutory law [Code of Civ.Proc., § 725a] gives the trustee under a deed of trust the right to bring an action for judicial foreclosure and such provision falls within the expansion of the party in interest definition found in the second sentence of Rule 17(a).

■ The issue raised by the objections of the trustee for GOLDEN PLAN concerns the standing of a substituted trustee under a deed of trust—is such a trustee a party in

interest as required by Federal Rules of Civil Procedure, Rule 17(a) [Applicable to the Bankruptcy Court by Bankruptcy Rule 717]. Rule 17(a) provides as follows:

(a) *Real Party in Interest.* Every action shall be prosecuted in the name of the real party in interest. An executor, administrator, guardian, bailee, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in his own name without joining with him the party for whose benefit the action is brought; ...

The real party in interest requirement is an expression of the constitutional requirement of cases and controversies for jurisdiction in Federal Court. This is to insure that the party bringing the action has a sufficient interest in the proceeding to diligently advance the case. With narrow exceptions, there must be a personal interest, financial or otherwise, or stake in the plaintiff for the action to proceed.

■ The trustee for GOLDEN PLAN has objected that the trustee under a deed of trust is not a real party in interest due to his limited obligations and duties under a deed of trust. Under the Bankruptcy Code, a trustee under a deed of trust is defined as an indenture trustee. "(22) 'indenture' means ... deed of trust ... under which there is outstanding a security, ..." 11 U.S.C. Section 101. "(23) 'indenture trustee' means trustee under an indenture; ..." 11 U.S.C. Section 101. The indenture trustee has a right to file a plan under Section 1121 and has a right to raise, appear, and be heard on any issue in a case under this chapter. [11 U.S.C. § 1109.] While not having all of the obligations and responsibilities of a trustee of an express trust, the trustee under a deed of trust is to conduct the sale for the beneficiaries and secure their interests upon a breach of the underlying obligation. Seeking relief from the automatic stay is the first step for the trustee under a deed of trust in completing this obligation when the defaulting obligor has become a debtor and the Section 362 stay is in effect.

Additionally, Federal Rules of Civil Procedure, Rule 17(a), provides alternative grounds for determination of party in interest status. This rule provides "[o]r a party authorized by statute may sue in his own name without joining with him the party for whose benefit the action is brought; ..." [Rule 17(a), Fed.R.Civ.P.] California statutes provide for a trustee under a deed of trust to have the right to bring an action in foreclosure.

The beneficiary or trustee named in a deed of trust or mortgagee named in a mortgage with power of sale upon real property or any interest therein to secure a debt or other obligation, or if there be a successor or successors in interest of such beneficiary, trustee or mortgagee, then such successor or successors in interest, shall have the right to bring suit to foreclose the same in the manner and subject to the provisions, rights and remedies relating to the foreclosure of a mortgage upon such property ....

California Code of Civil Procedure, Section 725a. This language would appear to be an authorization for the trustee to bring suit in his own name to exercise the rights accruing under a deed of truste by the means of a judicial foreclosure. The plaintiffs in the instant action are seeking relief from the automatic stay to pursue their rights under the promissory notes and deeds of trust listed in the complaint. This falls within the express statutory authorization of Civil Code of Procedure, Section 725a, allowing the trustee under a deed of trust to bring a foreclosure action, and therefore, good cause appearing, it is

ORDERED that the defendants' objections to plaintiffs' standing to commence and maintain the within adversary proceedings are hereby overruled. The Court observes, however, that plaintiffs' complaint appears to set forth in paragraph 7 three different classifications of payee beneficiaries; presumably the fact pattern is the same for each of the separate classifications denominated as (a), (b), and (c) of paragraph 7, and if so, the Court believes that separation of these classifications into sepa-

rate adversary proceedings will contribute to case management both for counsel involved as well as the Court.

Rule 42, Federal Rules of Civil Procedure, provides:

> (b) The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, ... or of any separate issue or of any number of claims, ...

This language has been interpreted to give the trial court broad discretion in determining whether or not a claim should be severed from pending litigation.

> A federal trial court in its discretion may upon its own motion properly separate an issue from others and confine the introduction of evidence to that separated issue alone if the court in the exercise of reasonable discretion thinks that course would save trial time or effort or make the trial of other issues unnecessary ... whether there should be severance and separate trial of an issue is primarily a question concerning the court's trial procedure and convenience, not a question concerning the merits of the whole case,
> ...

*Richmond v. Weiner*, 353 F.2d 41, 44 (9th Cir.1965), cert. denied 384 U.S. 928, 86 S.Ct. 1447, 16 L.Ed.2d 531, rehearing denied 384 U.S. 994, 86 S.Ct. 1885, 16 L.Ed.2d 1011.

It is well within the discretion of this trial court to determine that in order to avoid prejudice to both parties, save trial time and effort while avoiding needless confusion, and to best present the claims for classification, severence of the claims is proper. Accordingly, and for the foregoing reasons, it is

ORDERED that plaintiffs amend their existing complaints so as to set forth only one classification of payee beneficiaries and to file additional adversary complaints for each additional classification and to serve counsel for the defendants with copies thereof.